**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50623**

| | | |
|---|---|---|
| In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: June 22, 2023 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2023-10), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine Cannon, District Judge.

Judgment terminating parental rights, <u>affirmed</u>.

Clayne S. Zollinger, Jr.; Burley, for appellant.

Hon. Raúl R. Labrador, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights. Doe alleges the magistrate court erred in finding a statutory basis for terminating his parental rights. Because Doe fails to challenge either the magistrate court's finding that he neglected the child by failing to complete the case plan or that termination of his parental rights is in the best interests of the child, the order terminating Doe's parental rights is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of the child, Jane Doe I,[1] in this action. The child tested positive for controlled substances at birth and was declared in imminent danger. The Idaho Department of Health and Welfare (Department) filed a child protection petition, and the child was placed into foster care.[2] Doe stipulated to the Department's temporary custody at the shelter care hearing. The magistrate court ordered a case plan for Doe to complete as part of the reunification efforts. During the pendency of the case, the child was returned to Doe for an extended home visit. Doe relapsed on controlled substances, and the child again tested positive for controlled substances. As a result, the child was returned to the Department's custody and a new case plan was ordered for Doe to complete. Thereafter, Doe was arrested for a felony and remained incarcerated during the pendency of the case.

The magistrate court held regular review hearings while the child was in the Department's custody. After Doe was convicted of the felony and sentenced to a prison sentence, the Department filed a petition to terminate Doe's parental rights to the child. The magistrate court held a hearing on the petition where the magistrate court found by clear and convincing evidence that Doe neglected the child by failing to comply with the case plan. The magistrate court also found that termination of Doe's parental rights is in the best interests of the child. Accordingly, the magistrate court terminated Doe's parental rights to the child. Doe timely appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and

---

[1] Mother's parental rights to the child were also terminated but are not at issue in this appeal.

[2] Doe was the putative father of the child at the time the child was taken into the Department's custody. His paternity was later confirmed via a paternity test.

convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

On appeal, Doe alleges the magistrate court erred in terminating his parental rights to the child on the grounds that he is incarcerated and unable to care for the child. He also argues the district court did not cite to the statutory basis justifying the finding of neglect. He does not challenge the magistrate court's findings that he neglected the child for failing to comply with the case plan or that termination of his parental rights is in the best interests of the child. In response, the State contends the magistrate court did not err.

A parent has a fundamental liberty interest in maintaining a relationship with his child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005(1) permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the

3

parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

If the court grants a judgment on more than one independent basis and the appellant does not challenge each basis for termination, then we must affirm the judgment. *Idaho Dep't of Health & Welfare v. Doe (2017-36)*, 163 Idaho 274, 278, 411 P.3d 1175, 1179 (2018) (noting court need not address parent's argument because "the magistrate court's order contains additional, unchallenged findings of neglect that must be affirmed"); *Idaho Dep't of Health & Welfare v. Doe (2016-09)*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ( holding "When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we must affirm the judgment."). On appeal, Doe argues the magistrate court misapplied the statute by implicitly relying on I.C. § 16-2005(1)(e) as the basis for finding Doe neglected the child. He also argues that the district court erred in finding Doe neglected the child because a finding of neglect cannot be based solely on Doe's incarceration at the time of the termination hearing. The State argues the magistrate did not err in finding a statutory basis for neglect or in concluding that termination of Doe's parental rights is in the best interests of the child.

A.      **Neglect**

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

As part of the reunification plan in this case, Doe was required to complete a case plan, the terms of which required Doe to: provide a safe, stable, and drug-free home environment; complete parenting classes; ensure that his home is appropriate and that all individuals living in the home are approved by the Department--the child's mother and two of her children were later permitted to reside with Doe; follow the conditions of his parole; allow the Department random visits at the

4

home; complete random drug tests as ordered by the Department; sign releases of information; and enroll the child in an approved daycare. After Doe used methamphetamine while the child was on an extended home visit, the child was removed from Doe's home and a new case plan was ordered. The new plan included the previous terms but also required Doe to undergo a substance abuse assessment and meet with a mental health professional. Shortly after the new case plan was entered, Doe was arrested on a new felony charge. Doe was later sentenced to a prison term, and he remained incarcerated through the termination trial.

In this case, at a consolidated termination hearing for Doe and the child's mother, the magistrate court cited to I.C. § 16-2002(3)(b) when addressing the basis for terminating the mother's parental rights to the child. Next, the court addressed whether Doe had neglected the child and concluded that Doe "neglected [the child] as defined in Idaho Code and neglected [the child] by failing to comply with the case plan." The magistrate court detailed how Doe failed to comply with the case plan: Doe did not complete substance abuse treatment; did not consistently submit to evidentiary testing for controlled substances; did not comply with his parole requirements; did not complete his portion of the infant/toddler program; did not consistently provide the child with safe, stable, and drug-free housing; did not attend all scheduled visits with the child; and did not attend all the child's medical appointments. The court also noted that Doe "did well" with the child for several months before Doe's relapse. The magistrate court's findings referenced Doe's failures to complete the case plan prior to and during his incarceration. Thus, the magistrate court did not rely on I.C. § 16-2005(1)(e) as Doe argues but, instead, explicitly relied on I.C. § 16-2002(3)(b), failing to comply with the case plan, as the statutory basis of neglect. Moreover, Doe's incarceration was only one factor weighed by the magistrate court in finding Doe failed to comply with the case plan, not, as argued by Doe, the sole basis for finding neglect.

On appeal, Doe does not challenge any of the magistrate court's factual findings as detailed above or the legal conclusion that he neglected the child by failing to comply with the court-ordered case plan. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Because Doe fails to challenge the statutory basis on which the magistrate court relied for its finding of neglect, we affirm the magistrate court's factual findings and legal conclusions finding neglect.

5

**B. Best Interests of the Child**

The magistrate court found that the child needed significant assistance from adults to attend to her basic needs; the child had done well in foster care; the child is loved by and bonded to her foster parents; and the foster parents provided a safe, loving, and stable home, which resulted in permanency, stability, and consistency for the child. The magistrate court found that Doe was unable to provide the stability and consistency the child needed, in part, due to his incarceration. Doe does not challenge either the factual findings or the legal conclusions relating to the issue of whether termination of his parental rights is in the best interests of the child. As noted above, this Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. Consequently, we affirm the magistrate court's findings and conclusion on this issue.

## IV.

## CONCLUSION

The judgment terminating Doe's parental rights to the child is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.